# Morgan Lewis

**Sarah E. Bouchard**
Partner
+1.215.963.5077
sarah.bouchard@morganlewis.com

April 5, 2022

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

*John G. Koeltl*
John G. Koeltl, U.S.D.J.

4/5/22

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donald Turnbull v. JPMorgan Chase & Co.*, Case No. 1:21-cv-03217-JGK

Dear Judge Koeltl:

We represent Defendant JPMorgan Chase & Co. in the above referenced action. Pursuant to Section VI of your Honor's Individual Practices, JPMorgan moves to seal limited portions of the Second Amended Complaint and for the entry of an appropriate protective order.

As your Honor may recall, on February 24, 2022, the Court granted JPMorgan's motion to dismiss Plaintiff's First Amended Complaint, holding, among other things, that "[a]ll of the plaintiff's allegations as to JPMorgan's motivation for his termination [we]re completely conclusory and implausible" and, thus, raised no inference of retaliation. Dkt. 40 at 15. The Court also granted Plaintiff leave to file a Second Amended Complaint. *Id.* at 16.

Counsel for JPMorgan and Plaintiff met and conferred prior to Plaintiff's filing of the Second Amended Complaint, and during those discussions, Plaintiff informed JPMorgan that he intended to include significant detail regarding his October 2019 internal interviews by JPMorgan's counsel in his anticipated filing. In response, JPMorgan's counsel directed Plaintiff's counsel in writing to be mindful not include the content of any privileged communication or material in his amended pleading should he chose to file one. JPMorgan further communicated to Plaintiff's counsel that JPMorgan did not – and does not – waive its privilege with respect to any of the privileged communications and materials related to this matter and emphasized that the privilege was not Plaintiff's to waive. Plaintiff's counsel acknowledged receipt of JPMorgan's correspondence on March 25, 2022.

Three days later, Plaintiff filed his Second Amended Complaint. *See* Dkt. 41. The Second Amended Complaint alleges specifically what Plaintiff purportedly told JPMorgan's counsel during an October 7, 2019 privileged internal interview of Plaintiff. Immediately upon

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921      ☎ +1.215.963.5000
United States                      📠 +1.215.963.5001

Hon. John G. Koeltl, U.S.D.J.
April 5, 2022
Page 2

discovering Plaintiff's disclosure, JPMorgan sought to meet and confer with Plaintiff's counsel and requested that Plaintiff cure the disclosure to maintain the confidentiality of those communications. Specifically, JPMorgan requested that Plaintiff agree to a joint motion to seal limited, specific portions of the Second Amended Complaint, including Paragraphs 67 through 70, and for an entry of an appropriate protective order under Fed. R. Evid. 502(d). Although Plaintiff declined to join in these requests, his counsel has represented that Plaintiff will not oppose them.[1]

JPMorgan now moves for an order requiring Plaintiff to re-file his Second Amended Complaint under seal and redact Paragraphs 67 through 70 from the pleading prior to filing it on the public docket.[2] The Court has broad discretion to grant a party's request to seal judicial documents, provided that the request is narrowly tailored to preserve "higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006). The preservation of the attorney-client privilege is well-recognized as a "higher value" that justifies sealing. *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 CIV. 655, 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) (requiring redaction of attorney-client privileged information).

Here, JPMorgan seeks to seal only those portions of the Second Amended Complaint that describe specifically the communications purportedly made by Plaintiff to JPMorgan during Plaintiff's October 7, 2019 interview with JPMorgan's counsel. The October interviews were conducted by counsel for JPMorgan for the explicitly stated purpose of gathering facts to provide legal advice to JPMorgan and are, therefore, subject to the attorney-client privilege; the contents of those interviews are also shielded from protection by the attorney work product doctrine. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 530, 532 (S.D.N.Y. 2015) (holding that "[s]o long as obtaining or providing legal advice was one of the significant purposes of the internal investigation, the attorney-client privilege applies, even if there were also other purposes for the investigation"). In fact, at the outset of each interview, Plaintiff was informed – and, with the benefit of his own counsel, agreed – that his communications with JPMorgan's counsel were privileged; that the privilege belongs solely to JPMorgan; and that Plaintiff could not waive that privilege. The proposed redactions, which are limited only to Paragraphs 67 through 70 of the Second Amended Complaint, are necessary and narrowly tailored to preserve the privileged and confidential nature of those communications.

---

[1] Plaintiff's counsel requested that JPMorgan note to the Court that Plaintiff's non-objection to JPMorgan's request to seal does not imply Plaintiff's agreement with JPMorgan's position that the allegations referenced above reflect privileged or confidential communications or waive any argument Plaintiff may seek to advance against that position.

[2] Pursuant to Section VI of your Honor's Individual Practices, a copy of the Second Amended Complaint with JPMorgan's proposed redactions is attached as Exhibit A, and JPMorgan will file under seal an unredacted version of the document with the redactions highlighted. Given that Plaintiff filed the unredacted version on the public docket (Dkt. 41), JPMorgan respectfully requests a temporary order sealing the Second Amended Complaint pending the Court's ruling on JPMorgan's request for a permanent sealing order.

Hon. John G. Koeltl, U.S.D.J.
April 5, 2022
Page 3

Moreover, to ensure continued preservation of that privilege, JPMorgan further requests that the Court enter an order pursuant to Fed. R. Evid. 502(d) and a protective order permitting the parties to redact information regarding Plaintiff's privileged communications with JPMorgan's counsel – including, but not limited to, the communications described in Paragraphs 67 through 70 – from their public filings and permit them to file the unredacted versions of any such document under seal. If the Court grants this request, JPMorgan will meet and confer with Plaintiff to prepare and jointly submit a proposed form of order for your Honor's review and approval.

Thank you for your Honor's consideration of this matter.

Respectfully Submitted,

*/s/ Sarah E. Bouchard*

Sarah E. Bouchard

cc: All Counsel of Record via ECF